IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DONALD C. MARRO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:12cv932 (JCC/TCB) |
| | ) |
| CITIBANK N.A., | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff *pro se* Donald C. Marro's "Rule 72 Objection to Magistrate Judge Order and Motion for Reconsideration" (the "Rule 72 Objection"). [Dkt. 14, 15.][1]  Also before the Court is Plaintiff's Motion to Continue 10/26/12 Hearing Date for Defendant's Motion to Dismiss (the "Motion to Continue"). [Dkt. 28.]  For the following reasons, the Court will deny Plaintiff's Rule 72 Objection.  The Court also will deny Plaintiff's Motion to Continue.

### I. Background

On July 16, 2012, Plaintiff filed his Complaint in the General District Court of Fauquier County, Virginia. [Dkt. 1-1.]  On August 21, 2012, Defendant removed the action to this

---

[1] Docket entries 14 and 15 contain the same filing, re-docketed to reflect the Rule 72 Objection *and* Motion for Reconsideration titling of Plaintiff's filing.  Despite Plaintiff's titling, based on the substance of the document, the Court construes Plaintiff's document as a single challenge to the Magistrate Judge's order under Federal Civil Procedure Rule 72.

1

Court.  [Dkt. 1.]  On August 28, 2012, Defendant filed a Motion to Dismiss for Failure to State a Claim and Failure to Join a Party under Rule 19 (the "Motion to Dismiss"), which included a *Roseboro* notice.  [Dkt. 2.]  Defendant also filed a memorandum in support.  [Dkt. 3.]  Defendant originally noticed its Motion to Dismiss for hearing on October 5, 2012.  [Dkt. 5.]  On September 10, 2012, Defendant filed an amended Notice of Hearing Date, moving the hearing to October 19, 2012.  [Dkt. 8.]  The next day, Defendant filed another amended Notice of Hearing Date, moving the hearing to October 26, 2012.  [Dkt. 10.]  On October 9, 2012, Defendant filed a final amended Notice of Hearing Date, moving the hearing on its Motion to Dismiss to November 2, 2012.  [Dkt. 25.]

On September 11, 2012, Plaintiff filed a "Notice of Objection and Objection to Defendant's Premature Motion to Dismiss."  [Dkt. 11.]  Defendant responded to this filing on September 13, 2012 [Dkt. 12], and Plaintiff replied on September 18, 2012 [Dkt. 18.]

On September 5, 2012, Plaintiff filed a "Notice of Intent to Petition for Remand."  [Dkt. 4.]  On September 14, 2012, Plaintiff filed a "Motion to Remand, or In The Alternative to Nonsuit" (the "Motion to Remand or Nonsuit").  [Dkt. 13.]  Plaintiff also filed a declaration in support of his Motion to Remand or Nonsuit on September 20, 2012 [Dkt. 20], and noticed

2

the motion for hearing on November 2, 2012 [Dkt. 21].  Defendant filed its opposition brief on September 27, 2012 [Dkt. 22], and Plaintiff replied on October 5, 2012 [Dkt. 26].

On September 6, 2012, Plaintiff filed a "Notice of Motion and Motion to Amend a Briefing Schedule" (the "Motion to Amend Briefing Schedule").  [Dkt. 7.]  On September 11, 2012, Magistrate Judge Theresa C. Buchanan entered an Order denying Plaintiff's Motion to Amend Briefing Schedule.  [Dkt. 9.]  In response, Plaintiff filed a "Rule 72 Objection to Magistrate Judge Order and Motion for Reconsideration" (the "Rule 72 Objection").  [Dkt. 14, 15.]  Defendant filed its opposition brief on October 1, 2012 [Dkt. 24], and Plaintiff replied on October 9, 2012 [Dkt. 27].

On October 10, 2012, Plaintiff filed a "Motion to Continue 10/26/12 Hearing Date for Defendant's Motion to Dismiss" (the "Motion to Continue").  [Dkt. 28.]  Defendant responded on October 18, 2012.  [Dkt. 31.]

## II.  Standard of Review

Pursuant to the Federal Magistrate's Act and Federal Rule of Civil Procedure 72(a), a party may serve and file written objections to a magistrate judge's order within fourteen days after being served with a copy of the magistrate judge's order.  28 U .S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  For non-dispositive matters, a District Court will only overturn a

3

Magistrate Judge's Order if the Order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985).  The leading treatise on federal practice and procedure describes the alteration of a magistrate's non-dispositive order as "extremely difficult to justify."  12 Charles Alan Wright, et al., Federal Practice and Procedure § 3069 (2d ed.1997).

### III.   Analysis

#### A.   Rule 72 Objection

The Court denies Plaintiff's Rule 72 Objection because it finds that Magistrate Judge Buchanan did not clearly error by denying Plaintiff's Motion to Amend Briefing Schedule.  Under Local Rule 7(K), a *pro se* party may "file a response opposing the motion . . . within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed. In his Motion to Amend Briefing Schedule, Plaintiff requested that the Court amend the briefing schedule for Defendant's Motion to Dismiss to "start the clock ticking after the Court rules on an imminent remand motion (or the remand period ends)."

4

(Pl. Mot. to Amend Briefing Schedule [Dkt. 7] at 1.) That is, Plaintiff sought to toll his 21 day period to respond to Defendant's Motion to Dismiss until after the Court ruled on his motion to remand (which had yet to be filed at that time) or the remand period ended. In support of this amended timetable, Plaintiff asserted that this Court did not have jurisdiction until a remand motion was adjudicated. (*Id.* at 2.) Judge Buchanan found that Plaintiff's Motion to Amend Briefing Schedule was "without merit" and denied the motion. [Dkt. 9.]

In his Rule 72 Objection to Judge Buchanan's Order, Plaintiff states two objections: (1) he reiterates his assertion that a court lacks jurisdiction until a motion for remand is adjudicated; and (2) he objects to the "[a]bsence of specific grounds" for Judge Buchanan's Order. (Pl. Rule 72 Obj. [Dkt. 14, 15] at 1.) Plaintiff does not provide any arguments that the Order was clearly erroneous or contrary to law, but instead points again to the cases on which he relied in his Motion to Amend Briefing Schedule as stating that a federal district court does not have jurisdiction until a motion to remand is adjudicated. (*Id.* at 2.)

The Court finds that Judge Buchanan's Order was not clearly erroneous or contrary to the law. To begin, the cases on which Plaintiff relies do not stand for the proposition that a court must stay or extend briefing deadlines while a motion to

5

remand is pending.  (*See id.* at 2 (citing *Bell v. Hood*, 327 U.S. 678 (1946); *Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2nd Cir. 1963); *In re Bear River Drainage District*, 267 F.2d 849 (10th Cir. 1959); *County of Nassau v. N.Y.*, 724 F. Supp. 2d 295 (E.D.N.Y. 2010); *Fort v. Ralston Purina*, 452 F. Supp. 241 (E.D. Tenn. 1978); *Holman v. Bd. of Educ.*, 388 F. Supp. 792 (E.D. Mich. 1975).)  Although a court must address a motion to remand before considering a dispositive motion in that case, *see Kight v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc.*, 34 F. Supp. 2d 334, 337 (E.D. Va. 1999), it does not follow that the court must stay or extend the ordinary briefing deadlines for the dispositive motion in the meanwhile.  As a result, Plaintiff was required to either comply with the procedural rules governing briefing deadlines or meet the required showing for an extension.

   Plaintiff, however, failed to show good cause for his requested extension.  According to Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time."  Fed. R. Civ. P. 6(1).  Local Rule 7(I) notes, however, that "[a]ny requests for an extension of time relating to motions must be in writing and, in general, will be looked upon with disfavor."  As Plaintiff articulated no other reasons for an extended motion to dismiss briefing schedule while his motion to

6

remand was pending, the Court concludes that it was not clearly erroneous for Judge Buchanan to find his Motion to Amend Briefing Schedules was meritless.  The Court therefore denies Plaintiff's Rule 72 Objection.

    **B.   Motion to Continue**

In his Motion to Continue, Plaintiff requests that the hearing on Defendant's Motion to Dismiss be continued from its previously scheduled date of October 26, 2012.  [Dkt. 28 at 1-2.]  Plaintiff argues that the hearing should be continued so that the Court can address his Motion to Remand before Defendant's Motion to Dismiss (noticed for hearing on November 2, 2012), as well as continued pursuant his Motion to Amend a Briefing Schedule.  [*Id.* at 1.]  Plaintiff also states that November 2, 2012 "is by far the most efficacious timing" for him due to certain health considerations.  [*Id.* at 2.]

Given Defendant's voluntary amended Notice of Hearing Date moving the hearing on its Motion to Dismiss from October 26 to November 2, 2012 [Dkt. 25], the Court finds that Plaintiff's Motion to Dismiss should be denied as moot.

## IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's Rule 72 Objection and deny Plaintiff's Motion to Continue as moot.

An appropriate Order will issue.

October 23, 2012  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE