IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
DONALD C. MARRO,               )
                               )
        Plaintiff,             )
                               )
        v.                     )   1:12cv932 (JCC/TCB)
                               )
CITIBANK N.A.,                 )
                               )
        Defendant.             )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's "Motion to Remand, or in the Alternative, to Nonsuit" (the "Motion to Remand or Nonsuit") [Dkt. 13] and Defendant's Motion to Dismiss [Dkt. 2]. For the following reasons, the Court will deny in part and grant in part Plaintiff's Motion to Remand or Nonsuit and deny Defendant's Motion to Dismiss as moot.

## I.  Background

On July 16, 2012, Plaintiff filed his Complaint in the General District Court of Fauquier County, Virginia. [Dkt. 1-1.] In his Complaint, Plaintiff brings five counts: Count I is titled "Breach of Contract" and, in addition to alleging breach of contract, requests among other things damages under 15 U.S.C. § 1640, a provision of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; Count II is titled "Further Breach of

1

Contract" and, in addition to alleging breach of contract, alleges the loan contract at issue was "subject to federal truth in lending . . . statute[]," alleges a "breach of 15 USC 1666c," and requests among other things "statutory damages;" Count III also is titled "Further Breach of Contract" and, in addition to alleging breach of contract, alleges that the loan contract at issue was "subject to federal truth in lending . . . statute[]," and requests among other things "statutory damages;" Count IV is titled "59.1-200" and alleges breach of the Virginia Consumer Protection Act; and Count VI alleges "Fraudulent Inducement of Contracts." [*Id.* at 5-8.]

On August 21, 2012, Defendant removed the action to this Court. [Dkt. 1.] On August 28, 2012, Defendant filed a Motion to Dismiss for Failure to State a Claim and Failure to Join a Party under Rule 19 (the "Motion to Dismiss"), which included a *Roseboro* notice. [Dkt. 2.] Defendant also filed a memorandum in support. [Dkt. 3.] Defendant originally noticed its Motion to Dismiss for hearing on October 5, 2012. [Dkt. 5.] On September 10, 2012, Defendant filed an amended Notice of Hearing Date, moving the hearing to October 19, 2012. [Dkt. 8.] The next day, Defendant filed another amended Notice of Hearing Date, moving the hearing to October 26, 2012. [Dkt. 10.] On October 9, 2012, Defendant filed a final amended Notice of

Hearing Date, moving the hearing on its Motion to Dismiss to November 2, 2012.  [Dkt. 25.]

On September 11, 2012, Plaintiff filed a "Notice of Objection and Objection to Defendant's Premature Motion to Dismiss."  [Dkt. 11.]  Defendant responded to this filing on September 13, 2012 [Dkt. 12], and Plaintiff replied on September 18, 2012 [Dkt. 18.]

On September 5, 2012, Plaintiff filed a "Notice of Intent to Petition for Remand."  [Dkt. 4.]  On September 14, 2012, Plaintiff filed a "Motion to Remand, or In The Alternative to Nonsuit" (the "Motion to Remand or Nonsuit").  [Dkt. 13.] Plaintiff also filed a declaration in support of his Motion to Remand or Nonsuit on September 20, 2012 [Dkt. 20], and noticed the motion for hearing on November 2, 2012 [Dkt. 21].  Defendant filed its opposition brief on September 27, 2012 [Dkt. 22], and Plaintiff replied on October 5, 2012 [Dkt. 26].

On September 6, 2012, Plaintiff filed a "Notice of Motion and Motion to Amend a Briefing Schedule" (the "Motion to Amend Briefing Schedule").  [Dkt. 7.]  On September 11, 2012, Magistrate Judge Theresa C. Buchanan entered an Order denying Plaintiff's Motion to Amend Briefing Schedule.  [Dkt. 9.]  In response, Plaintiff filed a "Rule 72 Objection to Magistrate Judge Order and Motion for Reconsideration" (the "Rule 72 Objection").  [Dkt. 14, 15.]  Defendant filed its opposition

brief on October 1, 2012 [Dkt. 24], and Plaintiff replied on
October 9, 2012 [Dkt. 27].  On October 10, 2012, Plaintiff filed
a "Motion to Continue 10/26/12 Hearing Date for Defendant's
Motion to Dismiss" (the "Motion to Continue").  [Dkt. 28.]
Defendant responded on October 18, 2012.  [Dkt. 31.]  This Court
denied Plaintiff's Rule 72 Objection and his Motion to Continue
on October 23, 2012.  [Dkt. 33]

Plaintiff's Motion to Remand or Nonsuit and
Defendant's Motion to Dismiss are before the Court.

## II.   Standard of Review

### A.   Motion to Remand or Nonsuit

Civil actions over which a federal court would have
original jurisdiction can be removed by the defendant from state
court to the appropriate federal district court pursuant to 28
U.S.C. § 1441.  The party seeking removal bears the burden of
establishing federal jurisdiction.  *See, e.g.*, *Mulcahey v.
Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)
(citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97
(1921)).  "If federal jurisdiction is doubtful, a remand is
necessary." *Id.* (citations omitted).

### B.   *Pro se* Plaintiff

Complaints filed by *pro se* plaintiffs are construed
more liberally than those drafted by an attorney.  *See Haines v.
Kerner*, 404 U.S. 519, 520 (1972).  "However inartfully pleaded

4

by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III.   Analysis

In its Notice of Removal, Defendant argues removal is appropriate under 28 U.S.C. § 1441(a). (Notice of Removal ("Notice") [Dkt. 1] ¶ 4). Defendant contends the Court has original jurisdiction over Counts I-III under 28 U.S.C. § 1331 because these counts include requests for damages for violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and supplemental jurisdiction over Plaintiff's other claims under 28 U.S.C. §§ 1367(a) and 1441(c). (Notice [Dkt. 1] ¶ 3-5.) In his Motion to Remand or Nonsuit, Plaintiff raises three main arguments for remanding his case to state court: (1) he argues that Defendant waived its right to remove; (2) he argues that Defendant's removal was not timely; and (3) he

argues that the Court does not have original or pendant jurisdiction over Counts I, IV, and V.  (Pl. Mot. to Remand or Nonsuit [Dkt. 13] at 3.)  In the alternative, if his case cannot be remanded, Plaintiff requests that the Court grant him leave to nonsuit his case.  (*Id.* at 1.)

The Court concludes that remand is inappropriate in this case.  First, the Court finds that Defendant did not waive its right to remove the case to federal court.  Plaintiff asserts that Defendant waived its right to remove by failing to protest jurisdiction when he informed them about his Complaint and by accepting service of process in a Virginia state court.  (*Id.* at 3.)  These actions do not support a finding of waiver.  The Fourth Circuit has stated that a defendant's waiver of its right to remove must be "clear and unequivocal" and will only be found in "extreme situations."  Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991).  Waiver may occur if a defendant took "some such substantial defensive action in the state court *before* petitioning for removal."  *Aqualon Co. v. Mac Equipment, Inc.*, 149 F.3d 262, 264 (4th Cir. 1998).  In this case, however, Defendants filed no pleadings or other documents whatsoever – much less took any defensive actions -- in the state court before removing the case to this Court.  (Def. Opp. [Dkt. 22] at 5.)  Moreover, Defendant's lack of immediate objection to state court jurisdiction when initially informed

about the Complaint, and later acceptance of service of process,
do not result in waiver.  Under 28 U.S.C. § 1446(b), defendants
have a 30 day period during which they can choose to remove a
case to federal court.  Nothing in this statute requires
immediate objection to jurisdiction or a refusal of service.  As
a result, none of Defendant's alleged actions rise anywhere
close to the "extreme circumstances" necessary to show waiver.

Second, the Court finds that the facts show that
Defendant's removal was timely.  Defendant removed this action
on August 21, 2012.  (Notice of Removal [Dkt. 1].)  Plaintiff
contests that this was untimely because he asserts that
Defendant first received notice and a copy of the Complaint on
July 5, 2012, agreed on July 16, 2012 that Defendant's attorney
was authorized to accept service of process for the Complaint on
behalf of Defendant, and received notice of Plaintiff's filing
the Complaint on July 19, 2012.  (Pl. Mot. to Remand or Nonsuit
[Dkt. 13] at 2-3.)  Defendant argues that its removal was timely
because (a) by the agreement of the parties, service of the
Complaint was not effected until July 23, 2012 and (b) it did
not receive a copy of the filed complaint until July 23, 2012.
(Notice of Removal [Dkt. 1] at 1; Def. Opp. [Dkt. 22] at 7; Ex.
1 to Def. Opp. [Dkt. 22-1].)

Under 28 U.S.C. § 1446(b), the 30 day period begins to
run either "after the receipt by the defendant, through service

or otherwise, of a copy of the initial pleading" or "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant," "whichever period is shorter." The application of the former is at issue here. In interpreting this provision, it is well established that this Court follows the "receipt rule" which states that the 30 day period "commences when defendant comes into possession of [a] copy of [the] initial pleading, regardless of whether delivery thereof satisfies state service-of-process rules." *See Witzel v. 1969, Inc.*, 11 F. Supp. 2d 684, 688 (E.D. Va. 1998) (collecting cases). As a result, Plaintiff is correct that it is irrelevant whether the parties here agreed that formal service was effected on July 23, 2012.

Nonetheless, although formal service is unnecessary under this rule, a defendant must receive an actual copy of the initial pleading. This Court has held that "constructive receipt or some form of general notice" is insufficient to satisfy the receipt rule. *Murphy v. Allora*, 977 F. Supp. 748, 753 (E.D. Va. 1997). Neither Plaintiff, nor the actual underlying communications between the parties, indicates that Defendant received anything beyond some form of general notice on July 16 or 19, 2012. (*See* Pl. Mot. to Remand or Nonsuit [Dkt. 13] at 2; Pl. Reply [Dkt 26] at 2; Exs. 2-6 to Def. Opp.

8

[Dkts. 22-2, 22-3, 22-4, 22-5, 22-6].)  Instead, the only two
days on which Defendant's attorney received an actual version of
Plaintiff's Complaint were July 5 and July 23, 2012.  (*See* Pl.
Mot. to Remand or Nonsuit [Dkt. 13] at 2; Def. Opp. [Dkt. 22] at
2-3, 6-8; Exs. 1-2, 7 to Def. Opp. [Dkts. 22-1, 22-2, 22-7].)

        In addition, the Court concludes that only the July
23, 2012 version of the Complaint received by Defendant
constitutes the receipt of an "initial pleading" necessary to
trigger the 30 day period.  Courts in this district have held
that "it is not until a complaint has been filed in court that
it becomes an initial pleading" and that "a defendant has
received an initial pleading for purposes of the removal statute
only if the complaint bears a 'filed' stamp."  *Kurihara v. CH2M
Hill, Inc.*, 6 F. Supp. 2d 533, 536 (E.D. Va. 1998).  The version
of the Complaint sent by Plaintiff to Defendant on July 5 had
not been, and indeed never was, filed in court.  (*See* Ex. 2, 7
to Def. Opp. [Dkts. 22-2, 22-7].)  As a result, Defendant's
receipt of that document on July 5, 2012 did not start the 30
day removal period.  That period did not commence until
Defendant received a copy of the actual, filed Complaint, an
event which first occurred on July 23, 2012.  As a result, the
Court concludes that Defendant's removal on August 21, 2012 was
timely.

Third, the Court finds that it has original and supplemental jurisdiction.  The removal statute relied on by Defendant provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under this provision, federal question jurisdiction exists when a plaintiff's cause of action is created by federal law.  As Defendant notes, Plaintiff's Complaint seeks damages under TILA in Counts I, II, and III and therefore presents an action arising under federal law.  (*See* Compl. [Dkt. 1-1] at 5-7.)  Defendant concedes this as to Counts II and III in his Motion to Remand or Nonsuit, since as alternate relief he requests the dismissal of "counts (2) and (3) to preclude federal jurisdiction" and excludes these counts from his assertion that the Court does not have original or pendant jurisdiction over his claims.  (Pl. Mot. to Remand or Nonsuit [Dkt. 13] at 1, 3.)  In addition, Plaintiff admits that he invoked a remedy under TILA in Count I, although he characterizes this as "defensively as an optional election of remedy under TILA in the event defendant responded by trying to

10

evade responsibility . . . by contending that Virginia Consumer
Protection Statutes don't apply to banking transactions." (Pl.
Reply [Dkt. 26] at 2.)  Regardless of this characterization by
Plaintiff, claims that invoke the protections and remedies
afforded by federal law -- as Counts I, II, and III do here --
constitute claims arising under federal law and therefore
trigger federal question jurisdiction.  Moreover, nothing
precludes this Court from exercising supplemental jurisdiction
over the state law claims in Counts IV and V and any state law
claims encompassed in Counts I-III in addition to the TILA
claims in those counts.  These claims involve straightforward
issues of Virginia law on consumer protections, contracts, and
fraud.  (*See* Compl. [Dkt. 1-1] at 7-8.)

        As the Court concludes that Defendant did not waive
removal, that removal was timely, and that this Court properly
has jurisdiction over this action, the Court will deny in part
Plaintiff's Motion to Remand or Nonsuit with respect to his
argument for remand.

        The Court, however, will grant in part Plaintiff's
Motion with respect to his request for voluntary dismissal of
his case.  In his Motion, if remand is unavailable, Plaintiff
requests that the Court grant him "leave to nonsuit" his case to
preclude federal jurisdiction.  (Pl. Mot. to Remand or Nonsuit
[Dkt. 13] at 1, 7.)  Although Plaintiff grounds his request for

this relief in Virginia state law, nonsuits "are no longer in use in the federal courts under the Federal Rules of Civil Procedure." *Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985). Instead, Federal Rule of Civil Procedure 41 sets out an "analogous procedure" to Virginia nonsuit, providing that plaintiff voluntarily "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Although Plaintiff references Virginia nonsuit, his underlying request is in essence for his case to be voluntarily dismissed, relief which Rule 41 does provide in federal court. As the Fourth Circuit noted in *Scoggins*, "the difference in a Rule 41 dismissal and a Virginia nonsuit under Va. Code § 8.01-380 goes more to matters of form than substance" as "both the federal rule and the Virginia statute have as their purpose the voluntary dismissal of an action by a plaintiff without prejudice at some stage of a proceeding." 760 F.2d at 538. In light of this common purposes and the liberal construction by the Court of *pro se* plaintiffs' pleadings, the Court construes Plaintiff's request as a notice of voluntary dismissal of his case under Rule 41. Voluntarily dismissal is available to Plaintiff because he requested this relief prior to Defendant filing either an answer or a motion for summary judgment. Therefore, given this construction of

12

Plaintiff's alternate relief requested, the Court finds that Plaintiff successfully has dismissed his case voluntarily.  This dismissal is without prejudice and Plaintiff may choose to refile his case in state court.  Fed. R. Civ. P. 41(a)(1)(B). As a final note of caution, however, the Court warns Plaintiff that if he refiles a Complaint in state court which invokes protections or remedies arising under federal law ("defensively" or otherwise), then he runs the risk of Defendant again removing his case to federal court.

## IV.   Conclusion

For the reasons stated above, the Court will deny in part and grant in part Plaintiff's Motion to Remand or Nonsuit, denying Plaintiff's request to remand the case to state court but granting his request to voluntarily dismiss it.  Defendant's Motion to Dismiss is denied as moot.

An appropriate Order will issue.


_____
/s/ __  __
October 31, 2012                          James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE